JOSEPH FORBES, plaintiff in error, *vs.* THOMAS J. OWENS, defendant in error.

(BY TWO JUDGES.)—The District Court was not, by the Act of October · 28, 1870, clothed with jurisdiction to try and give judgment upon debts and contracts not exceeding $100.   12th March, 1872.

Jurisdiction of District Courts.   Before Judge STROZIER. Dooly Superior Court.   September Term, 1871.

Forbes sued Owens, upon an open account, for $93, before the Judge of the District Court, and Owens obtained a judg-

ment for costs, upon a trial upon the merits. Forbes sued out *certiorari* to correct various alleged errors committed by said district Judges. Judge Strozier refused to sanction the writ, because the District Court had no jurisdiction over the cause of action. That is assigned as error.

J. L. TOOLE; S. ROGERS, for plaintiff in error.

POE, HALL & POE; S. R. GOODE, for defendant. The District Court had not jurisdiction over the cause: Const., Art. V., sec. 4, p. 6; Act 1870, sec. 6, pamph. 33. Nothing is here taken by intendment: 13 Ga. R., 7; 8 How. R., 441, 495. The 17th section of Act of 1870 gives district Judge powers distinct from District Court: Sedgwick on Stat., 422, 423; Dwarris on Stat., 656; 4 Coke, 46 (*a*); 10 Ga. R., 429.

McCAY, Judge.

We have looked carefully into the Act of October 28th, 1870, to find any clause from which to derive the jurisdiction of the District Court over a claim of the character described in this record.

It is true that section 12 of the Act provides that all civil cases, at the monthly sessions, shall be tried by the Judge, without the intervention of a jury, but this confers no jurisdiction. It only provides how the jurisdiction it has shall be exercised. Section 6 authorizes the Judge, at the monthly sessions, to hear applications for eviction of trespassers, intruders and tenants holding over, writs for partition of personal property, possessory-warrants and distress-warrants, and *habeas corpus* cases. These are civil cases, and supply a jurisdiction for section 12 to operate upon.

Section 17 adds additional jurisdiction to hear and detertine bail process, (what this may mean is doubtful; perhaps to fix bail in a trover case, or in an action for damages,) issue attachments, evidently returnable to some other Court, since he is not authorized to try attachments and issue warrants for

the enforcement of liens, but, still, not to try them; but this is all. We think, therefore, Judge Strozier was right, and affirm the judgment.

Judgment affirmed.